# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| **TYLER JON TAKER**, <br><br> Plaintiff, <br><br> vs. <br><br> **MERRICK GARLAND**, <br> in his official capacity as Attorney General of the United States, <br><br> **STEVEN DETTELBACH**, <br> in his official capacity as the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, <br><br> **COL. WILLIAM G. ROSS**, individually and in his official capacity as Colonel of the Maine State Police, <br><br> and <br><br> **MARC HAGAN**, individually and in his official capacity as Chief of the Topsham Police Department, <br><br> Defendants. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Tyler Jon Taker, by and through undersigned counsel, hereby files this Complaint and alleges as follows:

**I.   Parties**

1.   Plaintiff is an American citizen domiciled in Topsham, Maine. Plaintiff desires to purchase and possess firearms for self-defense, but he is prevented from doing so by 18 U.S.C. § 922(d)(1), 922(d)(8)(B)(ii), 922(g)(1), and 922(g)(8)(C)(ii); and by 15 M.R.S. § 393(1)(A-1)(2), 15 M.R.S. §§ 393(1)(D)(2) and 394(2), and 25 M.R.S. § 2003(2)(A-2) and (B).

1

2. Defendant Merrick Garland is the Attorney General of the United States and is sued in his official capacity. As Attorney General, Defendant Garland is responsible for executing and administering the laws of the United States, including Sections 922(d)(1), (d)(8), (g)(1), and (g)(8) of Title 18 of the U.S. Code, together with their implementing regulations.

3. Defendant Steven Dettelbach is the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and is sued in his official capacity. As ATF Director, Defendant Dettelbach is responsible for executing and administering firearms laws of the United States, including Sections 922(d)(1), (d)(8), (g)(1), and (g)(8) of Title 18 of the U.S. Code, together with their implementing regulations.

4. Defendant William G. Ross is the Colonel of the Maine State Police. Colonel Ross is responsible for executing and administering the criminal laws of Maine and is presently enforcing the Maine statutes challenged herein. Colonel Ross is sued in both his individual and official capacities.

5. Defendant Marc Hagan is the Chief of the Topsham Police Department. In Maine, the Maine State Police issues concealed carry permits for residents of some towns, but that issuing authority is held by the local police department or town office for residents of other towns. In the Town of Topsham, Maine, the Topsham Police Department holds the authority to issue and deny concealed carry permits to its residents in accordance with state law. Chief Hagan is responsible for executing and administering the issuance of such permits to residents of the Town of Topsham like Plaintiff. Chief Hagan is sued in both his individual and official capacities.

**II.     Jurisdiction and Venue**

6. This Court has subject matter jurisdiction over Plaintiff's claims against Defendants Garland and Dettelbach under 28 U.S.C. §§ 1331, 2201, and 2202. This Court has subject matter

jurisdiction over Plaintiff's claims against Colonel Ross and Chief Hagan under 28 U.S.C. §§ 1331, 1343, 2201, and 2202, and 42 U.S.C. §§ 1983 and 1933.

7. Venue lies in this District under 28 U.S.C. § 1391(b)(2).

### III. Factual Allegations

8. Plaintiff desires to possess an ordinary firearm, such as a handgun, for self-defense. Plaintiff desires to exercise his constitutional right to carry such a firearm both openly and concealed.

9. Plaintiff desires to exercise his constitutional right to carry an ordinary firearm in the same manner and to the same extent that the Second Amendment permits ordinary American citizens to carry such a firearm.

10. Plaintiff would exercise his right to carry such a firearm but for the existence of the above-cited federal and state statutes and the credible and imminent threat of their enforcement against him should he choose to do so.

*Federal Firearm Prohibitions*

11. Federal law forbids Plaintiff from possessing a firearm.

12. *First*, federal law prohibits Plaintiff from possessing a firearm because of a single felony marijuana conviction. In November 2012, Plaintiff pleaded guilty to, and was accordingly convicted of, one count of possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841. In January 2013, Plaintiff was sentenced to eighteen months of imprisonment and three years of supervised release for that crime. Plaintiff has never been convicted of any other crime punishable by imprisonment for a term exceeding one year or of any other crime that would, under federal or Maine law, result in a prohibition on his possessing a firearm.

13. Under 18 U.S.C. § 922(g)(1), Plaintiff's 2012 marijuana conviction makes it unlawful for Plaintiff to "possess in or affecting commerce, any firearm or ammunition."

14. Under 18 U.S.C. § 922(d)(1), Plaintiff's 2012 marijuana conviction makes it "unlawful for any person to sell or otherwise dispose of any firearm or ammunition to" Plaintiff, if such person knows or has reasonable cause to know of Plaintiff's conviction.

15. *Second*, federal law prohibits Plaintiff from possessing a firearm because he is currently subject to a court order (the "Protective Order") that restrains him from threatening or assaulting his former intimate partner. In March 2024, a state court in Maine entered such an order against Plaintiff following a hearing of which Plaintiff received actual notice and at which Plaintiff had an opportunity to participate. The Protective Order, by prohibiting Plaintiff from "assaulting" his former intimate partner, explicitly prohibits Plaintiff from using or threatening physical force against his former intimate partner. The court that issued the Protective Order made no finding that Plaintiff actually represents a credible threat to the physical safety of any person.

16. The Protective Order disqualifies Plaintiff from possessing a firearm or ammunition under 18 U.S.C. § 922(g)(8)(C)(ii) ("Subsection (C)(ii)").

17. Likewise, under 18 U.S.C. § 922(d)(8)(B)(ii), the Protective Order makes it "unlawful for any person to sell or otherwise dispose of any firearm or ammunition to" Plaintiff, if such person knows or has reasonable cause to know of the Protective Order.

18. The Protective Order does *not* implicate 18 U.S.C. § 922(g)(8)(C)(i) ("Subsection (C)(i)") because it does not include a finding that Plaintiff "represents a credible threat to the physical safety of" his former intimate partner or to the child that he shares with his former intimate partner. The United States Supreme Court's decision in *United States v. Rahimi*, 144 S. Ct. 1889, 1903 (2024), decided only that Subsection (C)(i), which applies only to "[a]n individual found by

a court to pose a credible threat to the physical safety of another," permissibly coexisted with the Second Amendment right to bear arms. *Rahimi* expressly declined to rule on the constitutionality of Subsection (C)(ii), which applies even in the absence of a finding of a credible threat to another safety. *See Rahimi*, 144 S. Ct. at 1898-99 ("We need not decide whether regulation under Section 922(g)(8)(C)(ii) is also permissible.").

19. According to 18 U.S.C. § 924(a)(8), Plaintiff's possession of a firearm in violation of the federal laws set forth above is a felony punishable by up to fifteen years in prison and conviction for which itself results in a lifelong prohibition on firearm possession.

20. No exception or other remedy exists through which Plaintiff may be excused from the prohibitions set forth above.

21. Plaintiff is a member of "the people" as contemplated by the Second Amendment to the United States Constitution.

22. Prohibiting Plaintiff from possessing a firearm as set forth above is inconsistent with the historical tradition of firearm regulation in the United States.

### *State Firearm Prohibitions*

23. Maine law forbids Plaintiff from possessing a firearm.

24. *First*, under 15 M.R.S. § 393(1)(A-1)(2), Plaintiff's 2012 marijuana conviction makes it unlawful for Plaintiff to possess a firearm without obtaining a permit under 15 M.R.S. § 393(2).

25. Under 15 M.R.S. § 394(2), Plaintiff's 2012 marijuana conviction makes it unlawful for any person to sell or transfer a firearm to Plaintiff unless Plaintiff has obtained a permit.

26. *Second*, 15 M.R.S. § 393(1)(D)(2) prohibits Plaintiff from possessing a firearm because he is currently subject to the Protective Order. This prohibition is not subject to the exception that permits carry pursuant to a permit issued under 15 M.R.S. § 393(2).

27. The procedure for obtaining a permit under 15 M.R.S. § 393(2) is inadequate to remedy the deprivation of Plaintiff's Second Amendment rights because (1) the permit is unavailable to individuals, like Plaintiff, who are prohibited from possessing a firearm under 15 M.R.S. § 393(1)(D)(2); (2) upon receiving an application for a permit, the Governor is *required* to deny the application if any person notified of the application "objects in writing" and "provides the reason for the objection," regardless of what the reason is, 15 M.R.S. § 393(4)(A); (3) the Governor "may" deny the application for *any reason* anyhow; (4) even if the permit is granted, it still does not permit the carrying of a concealed handgun, 15 M.R.S. § 393(2); and (5) the carrying of a firearm pursuant to such a permit would still conflict with 18 U.S.C. § 922(g)(1) so long as that subsection remains good law.

28. Notwithstanding the foregoing, Maine law contains a provision under which individuals may seek a permit to carry a concealed handgun.

29. Under 25 M.R.S. § 2003(1)(B), Plaintiff is disqualified from holding such a permit to carry a concealed handgun because of his status as a prohibited possessor under 15 M.R.S. § 393.

30. Under 25 M.R.S. § 2003(2)(A-2), an application for a permit to carry a concealed handgun must be denied if the applicant answers in the affirmative that the applicant is subject to an order that contains the terms of the Protective Order.

31. Under 25 M.R.S. § 2003(2)(B), an application for a permit to carry a concealed handgun must be denied if the applicant answers in the affirmative that the applicant has ever been

convicted "in any federal court for a crime under the laws of the United States that is punishable by imprisonment for a term exceeding one year."

32. Plaintiff's possession of a firearm in violation of Maine law is a Class B crime, meaning that it is a felony punishable by up to ten years in prison.

33. No exception or other remedy exists through which Plaintiff may be excused from the prohibitions set forth above.

### *Plaintiff's Application for a Concealed Carry Permit*

34. Notwithstanding the foregoing prohibitions, on July 15, 2024, Plaintiff delivered, by U.S. Mail, a "Concealed Handgun Permit Application" (the "Application") to the Topsham Police Department, seeking a permit to carry a concealed handgun under 25 M.R.S. § 2003.

35. Plaintiff included with the Application all required components, namely: the signed and initialed application form, with all questions answered truthfully; the signed authorizations to release pertinent records; a birth certificate; a certificate of completion for a required handgun safety course, which Plaintiff completed online; a photograph; and payment of $35.00.

36. Later in the day on July 15, 2024, an employee of the Topsham Police Department called Plaintiff to inform him that his Application would be rejected due to the Protective Order.

37. On July 24, 2024, Plaintiff's counsel received the Application in the mail at his law office in Washington, DC, with a Post-It note stating: "Returned – CWP [Concealed Weapons Permit] will not be approved due to protective order."

38. But for Plaintiff's 2012 marijuana conviction and the Protective Order, the Application would not have been denied.

39. As a result of the denial of Plaintiff's right to keep and bear arms, Plaintiff has suffered damages in an amount to be proved at trial.

IV.     Claims for Relief

### COUNT I: DECLARATORY JUDGMENT / SECOND AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

40.     Plaintiff incorporates by reference paragraphs 1 through 39 of this Complaint.

41.     18 U.S.C. § 922(d)(1), 922(d)(8)(B)(ii), 922(g)(1), and 922(g)(8)(C)(ii), as applied to Plaintiff, violate Plaintiff's Second Amendment to the United States Constitution by denying Plaintiff's fundamental, individual right to keep and bear arms.

42.     15 M.R.S. § 393(1)(A-1)(2), 15 M.R.S. §§ 393(1)(D)(2) and 394(2), and 25 M.R.S. § 2003(2)(A-2) and (B) violate the Second Amendment to the United States Constitution, as incorporated against the State of Maine through the Fourteenth Amendment to the United States Constitution, by denying Plaintiff's fundamental, individual right to keep and bear arms.

43.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a declaratory judgment that 18 U.S.C. § 922(d)(1), 922(d)(8)(B)(ii), 922(g)(1), and 922(g)(8)(C)(ii), and 15 M.R.S. § 393(1)(A-1)(2), 15 M.R.S. §§ 393(1)(D)(2) and 394(2), and 25 M.R.S. § 2003(2)(A-2) and (B) violate his Second and Fourteenth Amendment rights.

### COUNT II: 42 U.S.C. § 1983 / SECOND AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

44.     Plaintiff incorporates by reference paragraphs 1 through 43 of this Complaint.

45.     Colonel Ross, individually or acting under color of state law, knowingly or recklessly deprived Plaintiff of his clearly established Second and Fourteenth Amendment rights to possess and carry a handgun by administering and enforcing the Maine statutes challenged herein that required Chief Hagan to deny Plaintiff's Application for a concealed carry permit and by administering and enforcing the Maine statutes challenged herein that operate to prevent Plaintiff from possessing an ordinary firearm for ordinary purposes such as self-defense.

46. Chief Hagan, individually or acting under color of state law, knowingly or recklessly deprived Plaintiff of his clearly established Second and Fourteenth Amendment rights to possess and carry a handgun by denying, either personally or through an agent, Plaintiff's Application for a concealed carry permit and by administering and enforcing the Maine statutes challenged herein that operate to prevent Plaintiff from possessing an ordinary firearm for ordinary purposes such as self-defense.

47. As a factual and proximate result of the actions of Colonel Ross and Chief Hagan, Plaintiff suffered damages in an amount to be proved at trial.

## V. Prayer for Relief

Wherefore, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

(1) Enter a declaratory judgment that the federal and state statutes that operate to prohibit Plaintiff from obtaining or possessing a firearm due to his 2012 marijuana conviction or due to the Protective Order (namely, 18 U.S.C. § 922(d)(1), 922(d)(8)(B)(ii), 922(g)(1), and 922(g)(8)(C)(ii); 15 M.R.S. §§ 393(1)(A-1)(2), 393(1)(D)(2), and 394(2); and 25 M.R.S. § 2003(2)(A-2) and (B)) are unconstitutional under the Second and Fourteenth Amendments as applied to Plaintiff;

(2) Enter an order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing the federal or state statutes cited above against Plaintiff or against any person who otherwise lawfully sells or transfers a firearm to Plaintiff;

(3) Award Plaintiff damages against Colonel Ross and Chief Hagan in an amount to be proved at trial arising from the violation of Plaintiff's Second Amendment rights; and

(4) Award Plaintiff costs of suit, attorney's fees, and other expenses pursuant to 42 U.S.C. § 1988, together with any other and further relief that the Court deems appropriate.

**Date**:  November 1, 2024

/s/ *Bruce W. Hepler*
Bruce W. Hepler, Bar No. 8007
75 Pearl Street, Suite 201
Portland, ME 04101
Telephone: (207) 772-2525
brucehepler1@gmail.com

Kyle Singhal*
HOPWOOD & SINGHAL PLLC
1701 Pennsylvania Ave., N.W., Suite 200
Washington, DC 20006
Telephone: (817) 212-9041
kyle@hopwoodsinghal.com
**pending admission pro hac vice*

*Attorneys for Plaintiff*