UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| TYLER JON TAKER, | ) |
| Plaintiff | ) |
| v. | ) No. 2:24-cv-00369-LEW |
| PAMELA BONDI, in her official Capacity as Attorney General of the United States, | ) |
| KASH PATEL, in his official capacity As Acting Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, | ) |
| AARON FREY, in his official capacity As Attorney General of Maine, | ) |
| COL. WILLIAM ROSS, individually and in his official capacity as Colonel of the Maine State Police, | ) |
| and | ) |
| MARC HAGAN, individually and in his official capacity as Chief of the Topsham Police Department, | ) |
| Defendants | ) |

**ORDER ON MOTIONS TO DISMISS**

Plaintiff Tyler Jon Taker has been a felon since a 2012 conviction on a federal drug trafficking crime. More recently, he consented to the entry of a state court protection from

abuse order that prohibited his possession of a firearm through March 26, 2026. Notwithstanding his status as a felon and his consent to the entry of the protective order, Taker applied for a concealed carry permit, which was denied to him.

In this action, Taker contends that federal and state laws prohibiting him from keeping and bearing arms violate the Second Amendment because his felony conviction is dated and involved only non-violent marijuana trafficking and because the state court judge who issued the protective order never concluded that he poses a threat of domestic violence.[1] Citing the lack of a historical analogue for disarmament based on trafficking illegal substances or based on the lack of a finding of dangerousness, Taker contends that the Defendants cannot overcome the presumption that the Second Amendment preserves his rights against deprivation.

The matter is before the Court on three motions to dismiss, Defs. Colonel William Ross and Attorney General Aaron Frey's Motion to Dismiss (ECF No. 30), Def. Marc Hagan's Motion to Dismiss (ECF No. No. 31), and Defs. Pam Bondi and Kash Patel's Motion to Dismiss (ECF No. No. 32), which I grant.

In *United States v. Torres-Rosario*, the First Circuit observed that while the Supreme Court appears to be open to the idea "that some felonies do not indicate potential violence and cannot be the basis for applying a categorial ban," including the possibility of "highly fact-specific objections," it is unlikely that a majority of the Supreme Court would

---

[1] Taker challenges the legality, as applied to his circumstance, of Title 18 U.S. Code section 922, subsections (d)(1), (d)(8)(B)(ii), (g)(1), and (g)(8)(C)(i), and section 924(a)(8); as well as Maine Revised Statutes Title 15, section 393, subsections (1)(A-1)(2), (1)(D)(2), and (2), and section 394, subsection (2), and Title 25, section 2003, subsections (2)(A-2) and (B).

hold that a felony conviction for drug trafficking is "so tame and technical as to be insufficient to justify the ban." 658 F.3d 110, 113 (1st Cir. 2011). Undeterred, Plaintiff argues that the rationale of *Torres-Rosario* was abrogated in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022); more specifically, that *Bruen* "directly and unequivocally abrogated the precise logic on which *Torres-Rosario* rests." Pl.'s Response at 8 (ECF No. 37).

In *Bruen*, the Supreme Court considered a challenge to a New York firearm-licensing law that required applicants to demonstrate a special need for self-protection in order to carry a handgun in public. *Bruen*, 597 U.S. at 11. Significantly, the petitioners before the Court were both "ordinary, law-abiding citizens," and the importance of that fact is demonstrated not only by the Supreme Court's specific indication in the opening paragraph of its opinion that this basic criterion was central to the petitioners' success in their appeal, but also by the Court's repeated invocation of the criterion throughout its discussion. *Id.* at 8; *see also id.* at 15, 26, 29, 30-31, 31-32, 33 n.8, 38 & n.9, 60, 70, 71 (Thomas, J., majority op.); *see also id.* at 72, 74, 76, 78 (Alito, J., concurring); *see also id.* at 79 (Kavanaugh, J., concurring, with Roberts, C.J., joining). Taker simply does not fit the criterion due to his felony drug trafficking conviction and, therefore, *Torres-Rosario*'s logic has not "unmistakably been cast into disrepute by supervening authority." *Eulitt v. Me., Dep't of Educ.*, 386 F.3d 344, 349 (1st Cir. 2004).

Furthermore, to the extent that the law-abiding focus of *Bruen* has been refocused to emphasize legislative cause to perceive a category of persons as presenting a "special danger of misuse," *United States v. Rahimi*, 602 U.S. 680, 698 (2024), a federal conviction

3

for trafficking Schedule I drugs is neither a tame nor a technical felony and is a sufficient indicium of dangerousness to sustain the federal and state bans on the possession of firearms by felons, as applied to Plaintiff.

Even assuming that under the *Bruen* framework the Supreme Court would now conclude that a law barring nonviolent, marijuana-trafficker felons from possessing firearms comes within the Second Amendment—assuming only because the Court may conclude that such felons are not among "the people" protected by the Amendment—based on the record and arguments set forth in Movants' and Amicus's papers, the prohibition against firearm possession by felons is consistent with our Nation's historical tradition and is, consequently, lawful. *See Bruen*, 597 U.S. at 17 (providing the standard for justifying restrictions on individuals' Second Amendment rights). Furthermore, although the question may be debatable, it would appear exceedingly academic in light of Chief Justice Roberts and Justice Kavanaugh's admonition that "nothing in [the *Bruen*] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 81 (Kavanaugh, J., concurring), and Justice Alito's words to the same effect writing for the majority in *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010). This does not bode well at all for Taker's challenge to federal or state felon-in-possession laws. *See also Rahimi*, 602 U.S. at 735 (Kavanaugh, J., concurring) (observing that *Rahimi* similarly did not upset "traditional exceptions to the right" to keep and bear arms, including felon-in-possession laws).

4

Because Taker's challenge to the denial of a concealed carry permit is undone based on the legality of federal and state laws prohibiting firearm possession by convicted felons, his challenge to Maine's protection from abuse process is moot.

Accordingly, the Defendants' Motions to Dismiss (ECF Nos. 30, 31, 32) are GRANTED.  Case dismissed.

SO ORDERED.

Dated this 8th day of July, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge